560

UNITED STATES POSTAL
SERVICE, Petitioner

v.

POSTAL REGULATORY
COMMISSION,
Respondent

National Postal Policy Council,
Intervenor for Petitioner.

No. 10–1324.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 21, 2011.

Michael Elston, Chief Counsel, U.S. Postal Service, Washington, DC, for Petitioner.

Eric Fleisig–Greene, Google Inc., Mountain View, CA, Michael S. Raab, Daniel Tenny, U.S. Department of Justice, Washington, DC, Stephen Leo Sharfman, Esquire, General Counsel, R. Brian Corcoran, Esquire, Assistant General Counsel, Postal Regulatory Commission (PRC), Washington, DC, for Respondent.

William B. Baker, Wiley Rein LLP, Washington, DC, for Intervenor for Petitioner.

Before: SENTELLE, Chief Judge, GRIFFITH, Circuit Judge, and SILBERMAN, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This case was considered on the record from the Postal Regulatory Commission and the briefs and arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

ORDERED AND ADJUDGED that the petition for review is dismissed.

The United States Postal Service ("USPS") petitions for review of the Postal Regulatory Commission's ("PRC") Order No. 536, wherein the PRC adopted an

analytical framework for calculating workshare discounts under a statutory cap created in the Postal Accountability and Enhancement Act, Pub.L. No. 109–435, 120 Stat. 3198 (2006), which, among other things, mandates a cap on workshare discounts, which are given to mailers for performing various tasks that allow the Postal Service to reduce costs. The USPS seeks to set aside the order on three bases: (1) that the PRC exceeded its statutory authority and acted unreasonably in treating different "products" as workshared variants of each other; (2) even if the PRC did not exceed its statutory authority, its specific determinations were arbitrary and capricious; and (3) the determination that these discounts should include prerequisite work necessary to qualify for the discount exceeded the PRC's statutory authority.

We determine the petition to be unripe. The PRC has not yet adopted a single subset of Single–Piece First–Class Mail to serve as the benchmark for determining the workshare discount, *see* PRC Order No. 536, at 8, and a rulemaking is currently underway to make that determination. Under the prudential doctrine of ripeness, we conclude that the court "would benefit from postponing review until the policy in question has sufficiently 'crystallized' by taking on a more definite form." *Cronin v. FAA*, 73 F.3d 1126, 1131 (D.C.Cir.1996).

The petition for review is dismissed.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc.* See FED. R.APP. P. 41(b); D.C.CIR. R. 41.